IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO.: 5:20cr46-KDB

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CONSENT ORDER AND |
| v. | ) | JUDGMENT OF FORFEITURE |
| | ) | PENDING RULE 32.2(c)(2) |
| (4) AARON DOUGLAS GOODSON | ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1.      The following property is forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**Approximately $2,379 in US Currency, seized on or about November 8, 2018, during the investigation;**

**Approximately $2,411 in US Currency, seized on or about November 24, 2018, during the investigation;**

**One Taurus, Model PT92 AF, 9mm handgun, serial number TJG44736, and ammunition, seized on or about November 24, 2018, during the investigation;**

**One Mossberg Model 500A, 12-gauge shotgun, serial number R918397, and ammunition, seized on or about February 6, 2019, during the investigation;**

**One Savage, Model Mark II, .22 caliber rifle, serial number 1433508, and ammunition, seized on or about February 6, 2019, during the investigation;**

**One Norinco, Model SKS, 7.62 caliber rifle, serial number 8-1514564, and ammunition, seized on or about February 6, 2019, during the investigation;**

**One Smith & Wesson, Model MP9, 9mm handgun, serial number HTP2292, and ammunition, seized on or about February 6, 2019, during the investigation;**

**One Taurus, .357 caliber Mangum revolver, serial number TB11814, seized on or about February 6, 2019, during the investigation;**

**One SCCY, Model CPX2, 9mm handgun, serial number 632395, and ammunition, seized on or about February 6, 2019, during the investigation;**

**One Ruger, Model P89DC, 9mm handgun, serial number 304-28760, and ammunition, seized on or about February 6, 2019, during the investigation;**

**One Smith & Wesson, Model 5906, 9mm handgun, serial number TZN6258, and ammunition, seized on or about February 6, 2019, during the investigation;**

**One Maverick Arms, 12-gauge shotgun, serial number MV435901A, and ammunition, seized on or about February 6, 2019, during the investigation;**

**One Savage Arms, Model 110E, .243 caliber rifle serial number E966889, and ammunition, seized on or about February 6, 2019, during the investigation;**

**One Marlin, Model 336, .30 caliber rifle, serial number 19187171, and ammunition, seized on or about February 6, 2019, during the investigation; and**

**Approximately $3,855 in US Currency seized on or about February 6, 2019, during the investigation.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall

become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or constitute property involved in or used in the offense(s) and are therefore subject to forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

CHRISTOPHER S. HESS
Assistant United States Attorney

AARON DOUGLAS GOODSON
Defendant

RICHARD TOMBERLIN, ESQ.
Attorney for Defendant

Signed this the 9th day of October, 2020.

THE HONORABLE DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE